UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAUL ALEXANDER GUERRERO LOPEZ,

Petitioner,

v. Case No.: 2:26-cv-02798-SPC-NPM

DAVID HARDIN *et al*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are Saul Alexander Guerrero Lopez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Guerrero Lopez is a native of Venezuela and dual citizen of Venezuela and Colombia who entered the United States in 2022. The Department of Homeland Security (DHS) briefly apprehended him before paroling him into the country. About a year later, Guerero Lopez applied for asylum, and he received work authorization, a social security number, and a Florida driver's license. He has complied with all biometric and supervision requirements, he has stable employment and a fixed address, he files federal tax returns, and he has no criminal record. On August 25, 2026, Immigration and Customs Enforcement arrested Guerrero Lopez because of his immigration status.

Immigration Judge Frank Pimentel held a custody redetermination hearing on September 29, 2026, and denied release on bond with this order:

> Flight risk – Respondent is a dual citizen of Colombia and Venezuela. While he filed a timely, affirmative I-589, his prospect of relief is remote. Left Colombia due to xenophobia and discrimination, and he has not been in Venezuela since January 2014. See Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026).

(Doc. 3-6 at 1; Doc. 1-3 at 16).

In his habeas petition, Guerrero Lopez claims his detention without notice, explanation, or meaningful procedural safeguards violates the Due Process Clause of the Fifth Amendment. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). To the extent Guerrero Lopez asks the Court to reweigh evidence or otherwise review Judge Pimentel's exercise of discretion, the Court declines to do so. But Guerrero Lopez also raises a bona fide due process claim. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Guerrero Lopez's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The

Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect

of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. The only evidence Judge Pimentel considered was the existence of a pending Form I-589, Guerrero Lopez's dual citizenship, and the fact that he has not been to Venezuela since 2014. Judge Pimentel did not explain how any of that demonstrated a flight risk. Nor did he consider any of the evidence favorable to Guerrero Lopez, like his compliance with immigration requirements, tax obligations, and criminal laws, his active engagement with state and federal governments, and his steady employment history and fixed residence.

Ironically, the single case cited in the bond order—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that Judge Pimentel's cursory and narrow consideration of the evidence was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess on remand "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms

of relief meaningfully bear on the respondent's likelihood of attendance at future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798. Judge Pimentel did not consider the totality of the record here.

An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Guerrero Lopez's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Saul Alexander Guerrero Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Guerrero Lopez and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record